IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA RYBACK, | ) |
| Plaintiff, | ) ) ) No. 1:13-cv-9233 |
| vs. | ) ) |
| MIDLAND CREDIT MANAGEMENT, INC., | ) ) ) |
| Defendant. | ) **JURY DEMAND ENDORSED HEREON** ) |

## COMPLAINT

NOW COMES the Plaintiff, CHRISTINA RYBACK, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendant, MIDLAND CREDIT MANAGEMENT, INC., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Wauconda, Illinois.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a corporation of the State of Kansas, which is licensed to do business in Illinois and which has its principal place of business in San Diego, California.

## **ALLEGATIONS**

8. Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or about August of 2013 in attempts to collect the aforementioned alleged debt.

9. During a telephone conversation on or about August 26, 2013, at approximately 1:24 p.m., with Defendant's agent, representative and/or employee, Plaintiff advised Defendant that she was not available to speak about the alleged debt while she was working, during the hours between 8:00 a.m. and 4:00 p.m.

10. However, Defendant's agents, representatives and/or employees contacted Plaintiff by telephone no less than 156 times in a 46-day period, with all of the calls being placed to Plaintiff between 8:00 a.m. and 4:00 p.m. local time, in further attempts to collect the alleged debt. This includes, but is not limited to, calls placed to Plaintiff on or about:

a. September 30, 2013 at approximately 8:24 a.m., 9:42 a.m., 1:58 p.m. and 3:27 p.m.;

b. October 1, 2013 at approximately 8:54 a.m., 10:23 a.m., 11:42 a.m. and 2:47 p.m.;

c. October 2, 2013 at approximately 8:11 a.m., 10:41 a.m., 1:55 p.m. and 3:15 p.m.;

d. October 3, 2013 at approximately 8:34 a.m., 9:54 a.m., 1:27 p.m. and 2:33 p.m.;

e. October 4, 2013 at approximately 8:36 a.m., 9:42 a.m., 2:03 p.m. and 3:18 p.m.;

f. October 5, 2013 approximately at 8:31 a.m., 9:37 a.m., 11:11 a.m. and 2:10 p.m.;

g. October 6, 3023 approximately at 8:14 a.m., 9:32 a.m., 11:27 a.m. and 1:54 p.m.;

h. October 7, 2013 approximately at 8:17 a.m., 9:57 a.m., 2:18 p.m. and 3:47 p.m.;

i. October 8, 2013 at 8 approximately:42 a.m., 10:13 a.m., 1:59 p.m. and 3:02 p.m.;

j. October 9, 2013 at approximately 8:20 a.m., 9:42 a.m., 2:17 p.m. and 3:331 p.m.;

k. October 10, 2013 at approximately 8:19 a.m., 9:42 a.m., 2:14 p.m. and 3:37 p.m.;

l. October 11, 2013 at approximately 8:41 a.m., 10:36 a.m., 2:01 p.m. and 3:22 p.m.;

m. October 12, 2013 at approximately 8:34 a.m., 9:17 a.m., 11:09 a.m. and 1:18 p.m.;

n. October 13, 2013 at approximately 8:23 a.m., 10:17 a.m. and 1:14 p.m.;

o. October 14, 2013 at approximately 8:47 a.m., 10:19 a.m., 2:07 p.m. and 3:29 p.m.;

p. October 15, 2013 at approximately 8:20 a.m., 10:08 a.m., 1:51 p.m. and 3:17 p.m.;

q. October 16, 2013 at approximately 8:29 a.m., 9:21 a.m., 12:57 p.m. and 2:57 p.m.;

r. October 17, 2013 at approximately 8:10 a.m., 11:18 a.m., 2:19 p.m. and 3:34 p.m.;

s. October 18, 2013 at approximately 8:39 a.m., 9:54 a.m., 12:49 p.m. and 3:09 p.m.;

t. October 19, 2013 at approximately 8:23 a.m., 10:17 a.m., 1:36 p.m. and 2:39 p.m.;

u. October 20, 2013 at approximately 8:37 a.m., 9:409 a.m. and 1:56 p.m.;

v. October 21, 2013 at approximately 8:38 a.m., 9:42 a.m., 11:31 a.m. and 3:35 p.m.;

w. October 22, 2013 at approximately 8:24 a.m., 9:42 a.m., 11:31 a.m. and 3:34 p.m.;

x. October 23, 2013 at approximately 8:49 a.m., 9:25 a.m., 12:57 p.m. and 3:21 p.m.;

y. October 24, 2013 at approximately 8:24 a.m., 10:47 a.m., 1:57 p.m. and 3:15 p.m.;

z. October 26, 2013 at approximately 8:15 a.m. and 1:14 p.m.;

aa. October 27, 2013 at approximately 8:35 a.m., 9:21 a.m., 11:11 a.m. and 1:56 p.m.;

bb. October 28, 2013 at approximately 8:36 a.m., 9:32 a.m., 2:01 p.m. and 3:12 p.m.;

cc. October 29, 2013 at approximately 8:24 a.m., 10:46 a.m., 1:39 p.m. and 2:33 p.m.;

dd. October 30 at approximately 8:39 a.m., 9:36 a.m., 1:35 p.m. and 3:25 p.m.;

ee. November 1, 2013 at approximately 8:31 a.m., 1:04 p.m. and 2:31 p.m.;

ff. November 2, 2013 at approximately 10:50 a.m., 12:31 p.m. and 2:39 p.m.;

gg. November 5, 2013 at approximately 8:14 a.m., 11:03 a.m., 11:48 a.m. and 1:34 p.m.;

hh. November 6, 2013 at approximately 8:30 a.m., 9:35 a.m., 10:38 a.m. and 2:49 p.m.;

ii. November 7, 2013 at approximately 9:34 a.m., 12:41 p.m., 2:34 p.m. and 3:15 p.m.;

jj. November 8, 2013 at approximately 8:46 a.m., 9:40 a.m., 10:54 a.m. and 1:38 p.m.;

kk. November 9, 2013 at approximately 9:26 a.m., 9:44 a.m. and 10:50 a.m.;

ll. November 10, 2013 at approximately 10:28 a.m. and 2:25 p.m.;

mm. November 11, 2013 at approximately 8:24 a.m., 9:43 a.m., 11:30 a.m. and 2:20 p.m.;

nn. November 12, 2013 at approximately 10:03 a.m., 12:19 p.m., 2:07 p.m. and 2:55 p.m.

oo. November 13, 2013 at approximately 8:55 a.m., 1:37 p.m. and 3:21 p.m.; and

pp. November 14, 2013 at approximately 8:49 a.m. and 10:51 a.m.

11. On or about November 11, 2013 at approximately 1:02 p.m., Defendant was advised in writing, via facsimile transmission, that Plaintiff was now represented by the undersigned counsel.

12. Nonetheless, agents, representatives and/or employees of Defendant continued contacting Plaintiff by telephone in further attempts to collect the aforementioned alleged debt on or about November 11, 12, 13 and 14, 2013.

13. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

5

  a. Causing a telephone to ring and/or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

  b. Communicating with Plaintiff at an unusual time and/or place and/or a time and/or place known or which should be known to be inconvenient to her, in violation of 15 U.S.C. § 1692c(a)(1);

  c. Communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2); and

  d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, CHRISTINA RYBACK, respectfully prays for a judgment against Defendant as follows:

  a. Statutory damages of $1,000.00 for each violation of the FDCPA;

  b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

  c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (6212141)
Attorney for Plaintiff
Luxenburg & Levin, LLC
595 Elm Place
Suite 201
Highland Park, IL, 60035
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
David@LuxenburgLevin.com